**POOLE & SHAFFERY, LLP**
David S. Poole (SBN 94690)
Brian E. Koegle (SBN 218800)
Joy J. Chen (SBN 273894)
400 South Hope Street, Suite 1100
Los Angeles, California 90017
(213) 439-5390
(213) 439-0183 Facsimile
Email: dpoole@pooleshaffery.com; bkoegle@pooleshaffery.com;
jchen@pooleshaffery.com

Attorneys for Defendant, NEXUS IS, INC.

NOTE CHANGES MADE BY THE COURT

FILED
CLERK, U.S. DISTRICT COURT
AUG - 2 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOSEPH PILLAR, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>NEXUS IS, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:11-CV-07806 RSWL (AGRx)<br><br>**STIPULATION OF THE PARTIES FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT |

    IT IS HEREBY STIPULATED AND AGREED by the parties to this action, through their respective counsel of record, that proprietary, confidential, private, and trade secret information and documents will be the subject of discovery in this matter, and will be utilized in the discovery, litigation and trial of this matter, and that it is necessary to protect such proprietary, confidential, private, and trade secret information and documents from inappropriate or unlawful disclosure or use.

    THEREFORE, IT IS HEREBY STIPULATED AND AGREED regarding the form of an order for the Court to enter for the protection of such Confidential Information through the course of this case:

///

-1-

G:\CLIENTS-VALENCIA\2011- VALENCIA\PILLAR V. NEXUS IS INC - 3184\PLEADINGS\Stipulation for Protective Order.wpd
STIPULATION OF THE PARTIES FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER

### 1. Definitions

The following definitions shall apply to this Order:

a. "Litigation" shall refer to the above-entitled action, and to any and all actions later consolidated with this action, and any appeal from the above-captioned matter, through final judgment.

b. "Documents" shall mean all written records or graphic material whatsoever, as defined by Federal Rules of Civil Procedure, Rule 34(a), and all reproductions (including microfilms) of the foregoing.

c. "Producing Party" shall mean any party to the Litigation, or any non-party producing documents, information or other materials in the Litigation.

d. "Confidential Information" shall mean any and all information which the Producing Party in good faith contends is proprietary, confidential, or private to it, or which the Producing Party in good faith contends constitutes a trade secret.

### 2. Scope of Application

a. Information Governed: "This Order shall govern all Documents and other information and materials generated or produced in response to Plaintiff's REQUEST FOR PRODUCTION NO. 33, which provides:

> *"All DOCUMENTS that were signed or approved by a customer of NEXUS IS, INC. that relate to work that was performed by JOSEPH PILLAR. This request includes, but is not limited to any job orders, statements of work, invoices, bills of materials, or contracts that covered worked performed by JOSEPH PILLAR."*

b. Designation of Confidential Information - Documents: Documents deemed by any Producing Party to be Confidential Information shall be designated as such by affixing or stamping a legend on such Documents that includes the following language:

"CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY."

1  Any document labeled "CONFIDENTIAL" may only be shown to the parties to this
2  litigation as well as the designated attorney representing as set forth below in
3  paragraph 4, subparagraphs (a) - (g). Any Documents labeled "CONFIDENTIAL:
4  ATTORNEY'S EYES ONLY" may only be shown to the designated attorney
5  representatives set forth below in Paragraph 4, subparagraphs (a) - (g).

6     c. Designation of Confidential Information - Non-Documents: For
7  information not reduced to written material, or tangible items, or information that
8  cannot be conveniently designated as set forth in this paragraph, the Producing
9  Party will designate the Confidential Information by written notice to all parties to
10 the litigation when the Confidential Information is produced.

11    d. Designation of Confidential Information - Testimony: All
12 testimony elicited during depositions, hearings, and other proceedings which
13 concerns or relates to Confidential Information shall be deemed Confidential
14 Information until the expiration of thirty (30) days after the mailing or other
15 delivery of a copy of the transcript of the testimony by the Court reporter to counsel
16 who request a copy of the transcript. This subsection will not otherwise affect the
17 deposition which is being recorded while it is in session. Within the thirty-day (30)
18 period following mailing, the party asserting the claim of confidentiality may, by
19 written notice served on all other parties to the litigation, designate all or any
20 portion of the testimony to be confidential. It shall be the duty of counsel asserting
21 the claim of confidentiality to ensure that the record accurately reflects the
22 beginning and ending points of the testimony deemed to disclose Confidential
23 Information. Only the portions of the testimony designated as Confidential
24 Information within the thirty-day (30) period provided in subsection (a) will be
25 deemed Confidential Information, except as may be otherwise established by written
26 Order of the Court or by written stipulation of the parties to the litigation.

27    e. Confidential Information in Depositions: When Confidential
28 Information is the subject of inquiry at depositions, the portions of the transcripts

-3-

POOLE & SHAFFERY, LLP
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 439-5390
FACSIMILE (213) 439-0183

which set forth or contain information about such confidential information shall be sealed and shall not be filed or lodged with the Court except pursuant to the provisions of paragraph 7.8

**3. Disputes Over Designation of Confidential Information**

Any party may object to the designation of particular information or documentation as confidential information ("Objecting Party"). The Objecting Party shall give written notice to the Producing Party so designating such information or documentation as confidential. Any such notice shall clearly identify the information or documentation to which the objection is directed. If the status of the information or documentation cannot be resolved within ten (10) days at the time the notice is served, it shall be the obligation of the Objecting Party to file an appropriate motion under Local Rule 37 requesting that the Court rule that the disputed information be subject to the protection invoked. The disputed material shall remain protected as designated hereunder until the Court rules on such motion.

**4. Persons Authorized To Receive "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" Information**

For the purpose of this Order, "Qualified Recipient" will mean, with respect to information that is designated as "CONFIDENTIAL INFORMATION: ATTORNEY'S EYES ONLY":

    a. The parties' attorneys of record in this action, specifically, LAW OFFICES OF MICHAEL TRACY, counsel for Plaintiffs; and POOLE & SHAFFERY, LLP, counsel for Defendants.

    b. Any outside attorneys retained by the parties in this action to consult on the litigation and their respective associates, clerks, legal assistants, and support personnel;

    c. Any in-house attorneys for the parties in this action, including their associates, clerks, legal assistants, and support personnel;

    d. Independent experts and consultants, and their employees,

1  retained in this action by the attorneys of record;

2      e. The persons who are the authors or addressees of the
3  Confidential Information;

4      f. Any person authorized to conduct settlement, mediation, or
5  arbitration between the parties and who agrees to be bound by this Order.

6      g. Any court employee and/or personnel, including but not limited
7  to the assigned judge (s), clerk(s), bailiff(s), and court reporter(s) ~~and also jurors,~~
8  ~~court witnesses and/or courtroom attendants.~~

[handwritten margin: AGR]

9      h. Other people who may be later designated by written agreement
10 of the parties to this Stipulation permitting such disclosure, or who otherwise obtain
11 authorization to receive Confidential Information in accordance with this Order.

12 **5. Court Reporters**

13 Any court reporter who transcribes testimony in this action at a deposition
14 shall agree, before transcribing any such testimony, that all confidential testimony
15 is, and shall remain, confidential and shall not be disclosed except as permitted by
16 this Order; that copies of any transcript, reporters' notes, or any other transcription
17 records of any such testimony will be retained in absolute confidentiality and
18 safekeeping by such Court reporter or will be delivered to the attorney of record
19 noticing the deposition or filed or lodged with the Court in accordance with
20 Paragraph 10 hereof. In Order to assure that each party requesting a copy of the
21 transcript will have an equal opportunity to review the transcript and to designate
22 testimony as Confidential Information pursuant to this Order, any Court reporter
23 who transcribes testimony in this action shall agree to (I) mail copies of any
24 transcript simultaneously to all counsel who have requested a copy of the transcript
25 prior to its completion, and (ii) indicate in writing on the face of each copy of the
26 transcript, or a cover letter accompanying the transcript, the date of mailing of such
27 transcript.

28

[left margin: POOLE & SHAFFERY, LLP / 400 SOUTH HOPE STREET, SUITE 1100 / LOS ANGELES, CALIFORNIA 90017 / TELEPHONE (213) 439-5390 / FACSIMILE (213) 439-0183]

Case 2:11-cv-07806-RSWL-AGR Document 21 Filed 08/02/12 Page 6 of 8 Page ID #:82
Case 2:11-cv-07806-RSWL-AGR Document 20 Filed 07/31/12 Page 6 of 10 Page ID #:69

6. **Use of Confidential Or Restricted Information**

Any document, thing, deposition transcript, or testimony designated as Confidential Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever, and such written discovery response or deposition transcript or testimony shall not be disclosed to anyone except as provided herein.

7. **Disclosure of Confidential Information**

a. No one other than a party for this action or Qualified Recipient falling within the scope of Paragraph 4 above shall be provided with access to Confidential Information, unless such individual has (a) read this Order and (b) completed and signed the Affidavit to be Bound, attached hereto as Exhibit "A." No Qualified Recipient shall discuss the contents of any such materials with any other individual, except with other Qualified Recipients. In addition, a Qualified Recipient may not provide a summary or abstract of any Confidential Information except to other Qualified Recipients.

b. Each person who reviews or inspects Confidential Information subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power by, where required, signing a copy of the attached Affidavit to be Bound, signifying agreement to the provisions of this Order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected Documents or information.

8. **Filing of Confidential Information**

If any papers or other materials to be filed with the clerk of the Court in this action, disclose or contain information designated as Confidential Information, such papers shall be ~~filed or~~ the subject of an application in compliance with Local Rule 79-5 and lodged directly with the filing window only in a sealed envelope or other container marked on the outside with the title of this action, the name of the Documents contained therein, and the following legend:

G:\CLIENTS-VALENCIA\2011-VALENCIA\PILLAR V. NEXUS IS INC - 3184\PLEADINGS\Stipulation for Protective Order.wpd
STIPULATION OF THE PARTIES FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER

1  "SEALED - CONFIDENTIAL INFORMATION SUBJECT TO
2  PROTECTIVE ORDER"
3  "This package is ~~filed~~ lodged under seal pursuant to an Order re Confidentiality of
4  Information, Documents and Testimony entered in this action on
5  _____, 2012. It shall not be opened other than by the
6  Court, nor shall the contents be displayed or revealed other than to the Court, except
7  by written Court Order or written stipulation of the parties."
8  ~~Such papers filed with the clerk of the Court shall not be available for viewing or~~
9  ~~copying by the public.~~

### 9. Confidential Information

Upon the conclusion of this action, counsel for the parties shall, within thirty (30) days, unless otherwise agreed to in writing, insure that all items which have been designated as Confidential Information, and all copies thereof, including any Confidential Information or copies thereof provided to any Qualified Recipient, shall continue to be maintained as confidential. At the option of the Producing Party, the Documents produced subject to this Stipulation shall be destroyed or returned to the Producing Party.

### 10. Preservation of Rights and Objections

Nothing herein shall prejudice the right of any party to object to any deposition question or to the production of particular Documents or to any other discovery request. If Documents or information subject to a claim of attorney-client privilege or attorney work product is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party or other person otherwise would be entitled.

### 11. No Waiver As to Admissibility of Evidence

Neither this Order nor the designation of any document or information as

-7-

G:\CLIENTS-VALENCIA\2011- VALENCIA\PILLAR V. NEXUS IS INC - 3184\PLEADINGS\Stipulation for Protective Order.wpd
STIPULATION OF THE PARTIES FOR ENTRY OF A PROTECTIVE ORDER; [PROPOSED] PROTECTIVE ORDER

POOLE & SHAFFERY, LLP
400 SOUTH HOPE STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 439-5390
FACSIMILE (213) 439-0183

Confidential Information shall be construed as an admission that such document, information or material, or any testimony in respect to such, in a deposition or otherwise, is relevant to this action or is otherwise admissible in evidence in this litigation or in any other proceeding. All Confidential Information, whether filed with the Court, attempted to be admitted into evidence, or actually admitted into evidence, will be kept under seal and remain under seal.

12. **Reservation of Jurisdiction**

The Court shall retain jurisdiction after termination of this action over the parties and their attorneys, agents, and employees, and over all those to whom disclosure of any Confidential Information is made, for the purpose of enforcing the terms of this Order and/or redressing any violation thereof. Violation by any person of any provision of this Order shall be punishable as contempt of Court.

IT IS SO STIPULATED AND AGREED:

DATED: July 31, 2012        LAW OFFICES OF MICHAEL TRACY

By: _____
     Michael Velarde
Attorneys for Plaintiff,
Joseph Pillar

DATED: July 31, 2012        POOLE & SHAFFERY, LLP

By: _____
     Brian E. Koegle
Attorneys for Defendant,
Nexus IS, Inc.

IT IS SO ORDERED.
DATED: August 2, 2012

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

-8-